UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY LAWSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:17-cv-2648-L-BT |
| § | |
| JASON PHARMACEUTICALS, LLC, § | |
| § | |
| § | |
| Defendant. | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Motion to Dismiss (ECF No. 16), filed by Defendant Jason Pharmaceuticals, LLC. For the following reasons, the District Court should DENY Defendant's Motion to the extent it seeks dismissal under Fed. R. Civ. P. 12(b)(5), but GRANT the Motion under Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's claims without prejudice.

### Background

Plaintiff Kimberly Lawson, proceeding *pro se*, filed this lawsuit against Jason Pharmaceuticals, LLC, on September 27, 2017. Compl. 1 (ECF No. 3). The Court granted Plaintiff leave to proceed *in forma pauperis*, and ordered the United States Marshal to serve Defendant with a copy of Plaintiff's Complaint and a summons. *See* Order (ECF No. 7). Shortly thereafter, Plaintiff attempted to serve Defendant by sending a copy of the summons to Defendant via certified mail. *See* Return of Service (ECF No. 11) & Certificate of Service (ECF No. 12).

1

Plaintiff did not attach a copy of her Complaint to the summons.

On November 7, 2017, Plaintiff filed an Amended Complaint (ECF No. 13). Two days later, Defendant filed the pending motion to dismiss, arguing that Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process, or, alternatively under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On November 16, 2017, the United States Marshal Service served Defendant with a copy of the summons and Plaintiff's Original Complaint. *See* ECF No. 29.

Plaintiff filed a written response to the Motion to Dismiss; and, Defendant filed a reply. Accordingly, the Motion is fully briefed and ripe for determination.

## Legal Standards and Analysis

### Rule 12(b)(5)

A district court may dismiss a case without prejudice under Fed. R. Civ. P. 4(m) if the plaintiff fails to effectuate service on defendants within 90 days of filing the complaint. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). The requirements set forth in Fed. R. Civ. P. 4 must be strictly followed for service to be proper. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Rule 4(a) sets forth the various elements the summons must contain. Fed. R. Civ. P 4(a)(1). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v.*

2

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

The Federal Rules of Civil Procedure require that the plaintiff serve the summons and a copy of the complaint upon the defendants. Fed. R. Civ. P. 4(c)(1). Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a challenge to the method of service attempted by the plaintiff or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012). *Pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). However, "a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). A *pro se* plaintiff bears the burden of proving the validity of service or good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "[G]ood cause is shown when *in forma pauperis* plaintiff[]'s failure to properly serve a defendant is attributable to a government personnel who [has] improperly performed their duties." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996).

Defendant argues that the Court should dismiss Plaintiff's claims under Rule 12(b)(5) because Plaintiff failed to provide Defendant with a copy of her

3

Original Complaint when she served the summons. Mot. 3 (ECF No. 16). At the time Defendant filed its Motion, however, Defendant did not know that Plaintiff had been granted leave to proceed *in forma pauperis* or that the Court had ordered the United States Marshal to effect service of process. Ultimately, the United States Marshal's Service served Defendant with a summons and a copy of the Original Complaint within 90 days of the date Plaintiff filed her lawsuit, as required by Rule 4(m). Defendant does not complain that service by the United States Marshal was improper or somehow defective. Accordingly, Defendant's Motion to Dismiss Pursuant to 12(b)(5) should be DENIED.

## Rule 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205-06 (5th Cir. 2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

In this case, Plaintiff prepared her Original Complaint using a form "Complaint for Employment Discrimination" provided by the Clerk's Office. Plaintiff checked boxes on the form to indicate that her claim arises under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. Compl. 3 (ECF No. 3). Plaintiff also checked boxes indicating that the discriminatory conduct of which she complains includes: "termination of my employment[,]" "unequal terms and conditions of my employment[,]" and "retaliation." *Id.* at 4. However, Plaintiff failed to check any boxes or otherwise indicate whether she was allegedly discriminated against on the basis of her race, color, gender, religion, national origin, age, or disability. *Id.* Plaintiff further failed to provide any facts whatsoever in the section of the form that began: "The facts of my case are as follows." *Id.* at 4-5.

Plaintiff's two-page Amended Complaint alleges that Plaintiff worked for Defendant from September 12, 2016 until her termination on April 19, 2017. Am. Compl. at 1 (ECF No. 13). The remainder of the Amended Complaint alleges, in its entirety, as follows:

> 4. Ms. Lawson states she followed company policy in reporting unethical behavior of her superiors.
>
> 5. Ms. Lawson states she repeatedly tried to resolve this matter with all parties involved.
>
> 6. Ms. Lawson alleges the defendant ask her violate her rights and submit personal medical information to continue employment.
>
> 7. Ms. Lawson also alleges the defendant retaliated following the reporting her superior's conduct at the workplace.
>
> 8. Due to the negligence of the defendant's as a direct and proximate result of the defendants Negligence, Plaintiff has sustained loss of earnings, severe emotional distress.
>
> 9. Plaintiff will provide the court significant evidence and witnesses to support her claims and amend Complaint, if needed.
>
> Therefore, Plaintiff, alleges the defendants justly indebted to her in the sum of 100,000 (ONE HUNDRED THOUSAND DOLLARS).

*Id.* at 1-2.

Defendant argues that Plaintiff's Amended Complaint should be stricken as premature because she did not properly serve her Original Complaint. Mot. 3 (ECF No. 16). As discussed, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered the United States Marshal to effect service on Defendant.

The Marshal's Service ultimately served Defendant with a summons and copy of Plaintiff's Original Complaint within the time allowed by Rule 4(m), but not before Defendant had otherwise obtained a copy of the Original Complaint and filed its Motion to Dismiss. Defendant later obtained a copy of Plaintiff's Amended Complaint and urged in its reply to the Motion to Dismiss that the Court grant its Motion with respect to the Amended Complaint as well, because the Amended Complaint fails to cure the defects identified in the Motion with respect to the Original Complaint. Reply 2 (ECF No. 25). That is, Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim for relief. The Court should decline to strike the Amended Complaint as premature. Instead, in the interest of judicial economy, the Court should consider Defendant's arguments directed toward both the Original Complaint and the Amended Complaint.

Here, Plaintiff's Original and Amended Complaints are completely devoid of facts that support any claim of discrimination or retaliation. In order to state a claim for discrimination under Title VII, Plaintiff must show she "(1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows 'that others similarly situated were treated more favorably.'" *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512–13 (5th Cir. 2001) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)). A

7

plaintiff does not need to establish a prima facie case of discrimination at the pleading stage. *Stewart v. AutoRevo, Ltd.*, No. 3:17-cv-19-B, 2017 WL 5177119 at *4 (N.D. Tex. Nov. 8, 2017) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). But a plaintiff must plead "sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Id.* (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). Plaintiff's Complaints do not identify the protected class of which she claims to be a member; nor do her Complaints allege that she was replaced by someone outside the protected class or that she was treated differently from similarly situated individuals.

To state a claim for retaliation, Plaintiff must allege that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there is a causal connection between the adverse employment action and the protected activity. *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 (5th Cir. 2000). Plaintiff's Original Complaint contains no facts to support a claim for retaliation, and her Amended Complaint makes only vague reference to "reporting unethical behavior." Am. Compl. 1 (ECF No. 13). Plaintiff has not set forth sufficient facts to allege that she engaged in a protected activity. Plaintiff further has not alleged facts to show a causal connection between any adverse employment action and a protected activity.

Plaintiff's Complaints do not provide any details, set forth any dates, or identify any of the actors alleged to have engaged in discriminatory or retaliatory

8

conduct. Her Complaints contain only "bare bones" accusations that are devoid of factual support. Accordingly, Plaintiff has failed to plead sufficient facts to state a claim for relief that is plausible on its face, and Defendant's Motion to Dismiss should be GRANTED.

## Recommendation

For the reasons stated, the District Court should GRANT Defendant's Motion to Dismiss (ECF No. 16) under Fed. R. Civ. P. 12(b)(6) and DISMISS Plaintiff's claims without prejudice.

Because Plaintiff stated in her Amended Complaint that she will amend her complaint if necessary, *see* Am. Compl. 2 (ECF No. 13-1), the Court should give Plaintiff one final opportunity to file a second amended complaint containing factual allegations that are sufficient to allege a plausible claim for relief. The District Court should order Plaintiff to file a second amended complaint no later than 21 days after entry of an order accepting these findings, conclusions, and recommendation. If Plaintiff fails to file her second amended complaint by the date established by the District Court, her claims could be dismissed with prejudice.

**SO RECOMMENDED**.

August 13, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).