# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **KIMBERLY LAWSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-2648-L** |
| | § | |
| **JASON PHARMACEUTICALS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Jason Pharmaceuticals, Inc.'s ("Defendant" or "Jason Pharmaceuticals") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 45), filed October 3, 2018; Plaintiff Kimberly Lawson's ("Plaintiff" or "Lawson") Response (Doc. 47), filed October 23, 2018; Defendant's Reply (Doc. 50), filed November 5, 2018; and Plaintiff's Response (Doc. 51), filed November 13, 2018.

On November 13, 2017, the court entered a Standing Order of Reference referring this action to United States Magistrate Judge Paul D. Stickney ("Judge Stickney") for pretrial management. Doc. 21. On January 26, 2018, by special order, the court reassigned all civil cases originally assigned to Judge Stickney to United States Magistrate Judge Rebecca Rutherford ("Judge Rutherford") (Doc. 30). On August 28, 2018, the court recommitted this action to Judge Rutherford for pretrial management.

After careful consideration of the motion, briefs, pleadings, and applicable law, the court **vacates** the Standing Order of Reference (Doc. 21); **grants** Defendant Jason Pharmaceuticals, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 45); and **dismisses with prejudice** Plaintiff's federal claims under Title VII of the Civil Rights Act of 1964 ("Title VII"),

**Memorandum Opinion and Order – Page 1**

the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA") because they are time-barred; and **dismisses without prejudice** Plaintiff's state age and disability discrimination claims based on a theory of constructive discharge asserted pursuant to the Texas Labor Code for failure to exhaust administrative remedies.

I.     **Factual and Procedural Background**

On September 27, 2017, Lawson filed a *pro se* form complaint ("Original Complaint") for employment discrimination alleging claims under Title VII, the ADEA, and the ADA. Pl.'s Compl., Doc. 3 at 3. The Original Complaint alleges that the discriminatory conduct includes termination of her employment, unequal terms and conditions of her employment, and retaliation. *Id*. at 4. Lawson alleges that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue letter on June 27, 2017, and, therefore, she exhausted her federal administrative remedies with respect to the alleged claims. *Id*. at 5. The Original Complaint does not set forth any factual allegations regarding her claims. After Plaintiff, proceeding *in forma pauperis*, attempted to serve Defendant with the Original Complaint on October 25, 2017, Lawson filed an amended complaint ("First Amended Complaint") on November 7, 2017. Plaintiff's initial attempts to serve Defendant failed to attach a copy of the Original Complaint to the summons. Doc. 34 at 1-2. On November 16, 2017, the United States Marshal Service served Defendant with a copy of the summons and Plaintiff's Original Complaint. Doc. 29.

On November 9, 2017, Jason Pharmaceuticals filed its first Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) (Doc. 16). On August 13, 2018, pursuant to the Standing Order of Reference in effect at that time, Judge Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, recommending that the

court grant Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because Lawson's Original Complaint and First Amended Complaint contained "'bare bones' accusations that [were] devoid of factual support." Doc. 34 at 9. On October 28, 2018, the court accepted the findings and conclusions of the magistrate judge and ordered Plaintiff to file a second amended complaint.

On September 19, 2018, Lawson filed her Second Amended Complaint ("Second Amended Complaint"). On October 3, 2018, Jason Pharmaceuticals filed its Motion to Dismiss Plaintiff's Second Amended Complaint. In addition to filing an initial response, Lawson filed a surreply on November 13, 2018, that included a request to the court seeking leave to file it. As Defendant has not subsequently filed opposition to the request and Plaintiff is proceeding *pro se* in this action, the court **grants** Plaintiff's motion for leave to file a surreply and has considered the brief in its resolution of the pending motion to dismiss.

In its Motion to Dismiss, Defendant makes these arguments: (1) Plaintiff's claims are time-barred because they were not timely filed following the receipt of the EEOC's Notice of Right to Sue; (2) Plaintiff failed to exhaust her federal and state administrative remedies with respect to her claims for age and disability discrimination under the Texas Labor Code, her claim for harassment under the ADA, and her claim for retaliation under Title VII; and (3) Plaintiff failed to state a claim upon which relief can be granted.

For the reasons set forth in this opinion, the court **determines** that Plaintiff has exhausted her administrative remedies with respect to her federal claims but not her state claims. The court, however, **determines** that the federal claims are time-barred because Plaintiff did not timely file this action after receiving the EEOC's Notice of Right to Sue.

## II. Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir.

1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### III. Analysis

#### A. Exhaustion of Federal and State Administrative Remedies

##### 1. Plaintiff's Federal Claims

Plaintiff alleges claims under Title VII, the ADEA, and the ADA. A plaintiff seeking to file claims pursuant to these statutes is required to exhaust his or her administrative remedies before filing the claims in federal court.

Contrary to Defendant's assertion that the exhaustion requirement is a jurisdictional issue, the Fifth Circuit recently held that a Title VII plaintiff's failure to exhaust administrative remedies "is not a jurisdictional bar but rather a prudential prerequisite to suit" that should be analyzed in the context of Federal Rule of Civil Procedure 12(b)(6). *Perez v. Brennan*, No. 18-40520, 2019 WL 1387825, at *3 (5th Cir. 2019) (per curiam) (citing *Davis v. Fort Bend Cty.*, 893 F.3d 300, 305 (5th Cir. 2018)). The Supreme Court likewise recently held that the charge-filing requirement is not jurisdictional but rather a prerequisite to filing suit, and a defendant's challenge on those grounds may, therefore, be forfeited if not timely raised. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849-51 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of the courts.") The

procedural requirements for filing an ADA claim incorporate Title VII's administrative procedures and, therefore, an ADA claimant must also exhaust his or her administrative remedies before filing a claim in federal court. *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam)). Likewise, a claimant seeking judicial relief under the ADEA must, as a precondition, exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC. *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. 2012) (citing 29 U.S.C. § 626(d)).

Jason Pharmaceuticals contends that Lawson failed to exhaust her administrative remedies with respect to her claims of disability discrimination, race discrimination, and Title VII retaliation. The court, as a preliminary matter, determines that Lawson failed to plead in the Second Amended Complaint a claim for race discrimination and, therefore, will not consider Jason Pharmaceutical's arguments related to that claim. With respect to Lawson's claims of disability discrimination and Title VII retaliation, Jason Pharmaceutical contends that Lawson failed to check the box for "disability" or allege that she engaged in activity protected by Title VII in her Charge of Discrimination filed with the EEOC. Def.'s Mot. to Dismiss, Doc. 46 at 13-14. After reviewing the Charge of Discrimination and the EEOC's Notice of Right to Sue, the court disagrees with Defendant and determines that Lawson exhausted her administrative remedies as to these claims.

In the Charge of Discrimination form, Plaintiff, in the section asking her to identify the grounds for her discrimination claim, checks the boxes for "retaliation" and "age." Def.'s Mot. to Dismiss, Ex. 1, Doc. 46-1 at 2. Although she does not check the box for "disability" as a basis for discrimination, Plaintiff states, in the section requiring a claimant to specify the factual bases for the charge, that she was "asked to submit a doctor's note for [her] absen[ce]." *Id*. In its Notice of

Right to Sue, the EEOC construes Plaintiff's Charge of Discrimination as alleging claims under the following statutes: Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act,[*] and the Age Discrimination in Employment Act. Pl.'s Additional Attach., Doc. 49 at 1.

When considering whether a Title VII plaintiff exhausted his or her administrative remedies, a court should construe the scope of an EEOC complaint liberally—particularly because most complaints are initiated *pro se*—bearing in mind that "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) (citations and quotation marks omitted). "With that balance in mind, [a] court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id*. at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). In light of these considerations, the court determines that Lawson sufficiently sets forth in her Charge of Discrimination factual allegations that would give rise to the EEOC's investigation of her alleged Title VII retaliation claim. Lawson "checks the box" for retaliation as one ground for her discrimination claim and alleges that she was discriminated after "reporting the workplace conditions [alleged in the Charge of Discrimination] to Human Resources." Def.'s Mot. to Dismiss, Doc. 46-1 at 2. The EEOC issued a Notice of Right to Sue acknowledging Title VII as a

---

[*] In Lawson's Second Amended Complaint, although she alleges that her employer requested that she fill out a "Genetic Information Form," she does not assert a claim pursuant to the Genetic Information Nondiscrimination Act, and it is not before the court.

**Memorandum Opinion and Order – Page 8**

potential basis for Lawson's claims. Accordingly, the court determines that Lawson met the exhaustion requirement with respect to her Title VII retaliation claim.

The court further determines that Lawson met the exhaustion requirement with respect to her disability claim. In the Charge of Discrimination, although she does not check the box for "disability," Lawson states that, following a confrontation at work, she was asked "to submit a doctor's note for [her] absen[ce]." Def.'s Mot. to Dismiss, Doc. 46-1 at 2. Although she did not reference the ADA in the Charge, the EEOC's Notice of Right to Sue listed the ADA as one of the statutory bases for Lawson's claims. The court determines that the EEOC sufficiently considered the merits of Lawson's disability claim—in spite of its oblique reference in the Charge of Discrimination—and, therefore, she exhausted her administrative remedies with respect to this claim.

### 2. Plaintiff's State Claims

Lawson's Second Amended Complaint alleges claims of age and disability discrimination based on a theory of constructive discharge in violation of the Texas Labor Code. Defendant argues that Lawson failed to exhaust her administrative remedies with respect to this claim because she did not file a charge with the Texas Workforce Commissions Civil Rights Division prior to filing the claim in federal court. The court agrees for the following reasons.

"[C]ourts refer to Chapter 21 of the [Texas] Labor Code as the Texas Commission on Human Rights Act." *Prairie View A&M University v. Chatha*, 381 S.W.3d 500, 502 n.1 (Tex. 2012). The Act is modeled after Title VII of the federal Civil Rights Act of 1964 and imposes a requirement that a claimant file an initial complaint with the Texas Workforce Commission Civil Rights Division or EEOC no later than the 180th day after the date an allegedly unlawful employment practice occured. *Id*. at 503 (citing Tex. Labor Code Ann. § 21.202 (West)). After a

claimant receives a notice of the right to file a civil action, he or she has sixty days to bring a civil action against a respondent. Tex. Labor Code Ann. § 21.202 (West)). In this case, Plaintiff has not alleged that she filed an initial complaint with the Texas Workforce Commission Civil Rights Division. Although Plaintiff did file an initial complaint with the EEOC, she did not allege claims pursuant to the Texas Labor Code, and the Notice to Sue issued by the EEOC did not state that she had a right to file a civil complaint pursuant to that statute. Accordingly, Plaintiff has failed to exhaust her administrative remedies with respect to her claims under the Texas Labor Code, and the court **dismisses without prejudice** these claims.

B.    **Limitations Period for Filing Claims Pursuant to EEOC Notice of Right to Sue**

Defendant argues that Plaintiff's federal claims are time-barred because she failed to file this action within ninety days of receiving the EEOC's Notice of Right to Sue. Def.'s Mot. to Dismiss, Doc. 46 at 12. Defendant contends that the EEOC issued the Notice of Right to Sue on June 27, 2017, and, pursuant to the ninety-day limitations period to file civil suit, Plaintiff was required to file her Original Complaint by September 25, 2017. Plaintiff filed her Original Complaint on September 27, 2017.

In response, Lawson concedes that she received the Notice of Right to Sue on June 27, 2017. Pl.'s Resp., Doc. 47 at 2. Lawson states that she filed her complaint with the EEOC on June 27, 2017, and the investigator issued the Notice of Right to Sue "on the same day, while [Lawson] was still present in the EEOC office." *Id*. Plaintiff further concedes that she filed this civil action ninety-two days after receiving the Notice of Right to Sue. Pl.'s Reply, Doc. 51 at 1. Plaintiff contends, however, that the investigator, after giving her the Notice of Right to Sue, stated that Lawson "would receive a duplicate notice with instructions by US mail approximately (3-5) business days later." *Id*. at 2. Lawson requests that the court consider her date of receipt to be three

to five days after June 27, 2017, in light of the investigator's statement that she would receive a subsequent duplicate copy at a later time. In support of this request, Lawson cites authority that, as the court will explain, is inapposite.

The ninety-day limitations period to file a complaint applies to Lawson's claims under Title VII, the ADEA, and the ADA. With respect to Title VII claims, the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received, rather than the day the letter is issued. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (*citing Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2002e-5(f)(1) (1994)). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.* (citations omitted). Likewise, an ADEA claim raised in a Charge of Discrimination, for which an EEOC right-to-sue letter is issued, must be filed in federal court within the ninety-day limitations period; otherwise it is time-barred. *St. Louis v. Texas Worker's Compensation Com'n*, 65 F.3d 43, 47 (5th Cir. 1995). The same limitations period applies to claims brought under the ADA. *Garcia v. Penske Logistics*, L.L.C., 631 F. App'x 204, 208 (5th Cir. 2015) ("The requirement that a party file a lawsuit within this ninety-day limitations period [that commences when the EEOC's notice to sue is received] under Title VII and the ADA is strictly construed.") (citation omitted). The ninety-day requirement "is not a jurisdictional prerequisite; rather, [it] is akin to a statute of limitations." *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985) (citations omitted).

As Lawson concedes that she received the Notice of Right to Sue on June 27, 2017, the deadline to file a civil complaint was ninety days later, on September 25, 2017, two days prior to Plaintiff's filing of the Original Complaint. The limitations period, as previously stated, is strictly construed, and Plaintiff has not alleged any grounds for the court to apply equitable tolling to her

time-barred complaint. Plaintiff requests that the court consider the date that she was told to expect a duplicate copy of the notice by mail, but she provides no authority suggesting that receipt of a subsequent duplicate of a Notice of Right to Sue—after a plaintiff already received an original notice days prior—triggers the limitations period. The court likewise did not find authority in support of this position. The authority that Plaintiff cites is inapposite because, in those cases, the plaintiff received the Notice of Right to Sue by mail, rather than in person at the EEOC office on the date it was issued. In the absence of any allegation or statement establishing the exact date of receipt of a mailed notice, a plaintiff "is presumed to have received the notice three days after issuance." *Franklin v. Burlington Northern Santa Fe Corp.*, 34 F. App'x 963 (5th Cir. 2002) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)); *Taylor*, 296 F.3d at 379 ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."). That presumption does not apply here because, in this case, Lawson acknowledges that she received the Notice of Right to Sue *in person*, at the EEOC office, on June 27, 2017, the same date that it was issued. As the date of receipt triggers the limitation period and must be strictly construed, the court determines that Lawson was required to file this action by September 25, 2019, which was the ninetieth day after she received her right-to-sue letter. As she filed the action on September 27, 2017, these claims were filed two days beyond the deadline and are time-barred as a matter of law, and the court will dismiss these claims with prejudice.

## IV. Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss (Doc. 45); **dismisses with prejudice** as time-barred Plaintiff's federal claims alleged under Title VII, the ADA, and the ADEA; and **dismisses without prejudice** Plaintiff's state claims of age and

disability discrimination alleged under the Texas Labor Code for failure to exhaust administrative remedies. As required by Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**It is so ordered** this 12th day of June, 2019.

                                                Sam A. Lindsay
                                                United States District Judge